COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia

AARON CORDELL McCRAY
                                        OPINION BY
v.  Record No. 2034-94-2        JUDGE JAMES W. BENTON, JR.
                                        OCTOBER 10, 1995
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                    John F. Daffron, Jr., Judge

            Ernest M. Holleman, Jr., for appellant.

            Steven Andrew Witmer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


        Aaron Cordell McCray was convicted of failing to ensure that

a report was made of a motor vehicle accident, in violation of

Code § 46.2-895.  He contends that the evidence was insufficient

to support the conviction.  We agree and reverse the conviction.

        The evidence proved that at approximately 10 p.m. on

November 6, 1993, Detrick Epps was involved in an accident while

driving an automobile.  At the hospital, Detective Faries

interviewed two of the passengers in Epps' automobile and learned

that twenty-one year old McCray had been a passenger in the

automobile.  Neither Epps nor McCray was at the scene of the

accident when the police arrived to investigate.

        Within five hours of the accident, Epps and his mother

arrived at the police station.  Epps then made a report of the

accident.  When Epps spoke to Detective Faries, he identified

three passengers, including McCray, who had been in his

automobile.

Lovain McCray, McCray's father, testified that McCray told him about the accident the night it occurred and asked for his assistance. Epps' mother also contacted McCray's father and told him to contact Detective Faries. McCray's father learned that Epps' mother had accompanied Epps to the station and that Epps had made a report of the accident. After speaking with his son and Epps' mother, McCray's father telephoned Detective Faries on the morning of November 7 and the next evening. McCray's father testified that the detective was not in and that he had not left any messages.

Code § 46.2-895 imposes the following duty to report accidents:

> If the driver fails to stop and make the report required by [Code] § 46.2-894, every person sixteen years of age or older in the vehicle with the driver at the time of the accident, who has knowledge of the accident, shall have a duty to ensure that a report is made within twenty-four hours from the time of the accident to the State Police or, if the accident occurs in a city or town, to the local law-enforcement agency. The report shall include his name, address, and such other information within his knowledge as the driver is required to report pursuant to [Code] § 46.2-894.

The evidence does not establish that the driver left the accident before McCray or that McCray knew that the driver left. The evidence also failed to establish the circumstances existing when McCray or the driver left the scene of the accident. However, the evidence proved that the driver contacted the police within five hours of the accident and made a full report.

The evidence also established that McCray requested assistance from his father.  In rendering assistance, McCray's father learned that Epps went to the police within five hours and made a full report.  Although McCray's father learned that the driver had made a full report to the investigating detective, he twice attempted to contact the detective.

On this evidence, the Commonwealth failed to prove beyond a reasonable doubt that McCray did not "ensure" that a report was made.  No evidence proved that the driver's report, which was made within twenty-four hours of the accident, was deficient.  The statute does not require that the person make a report personally.  Accordingly, the conviction is reversed.

<u>Reversed</u>.